1

**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF ARIZONA

9

| | |
|---|---|
| 10   **Victor David Perez Peralta**, | No. 2:23-cv-00358-JAT |
| 11                              Plaintiff, | **PLAINTIFF'S MOTION FOR ENTRY** |
| 12   v. | **OF DEFAULT JUDGMENT AGAINST** |
| | **DEFENDANTS** |
| 13   **Custom Image Pros LLC**, et al., | |
| 14                              Defendants. | |
| 15 | |

16

17         Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff, Victor David Perez

18   Peralta ("Plaintiff"), respectfully requests that the Court enter judgment by default against

19   Defendants Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson

20   ("Defendants").

21

22   **I.    Procedural History.**

23         Plaintiff filed his Complaint seeking unpaid overtime and minimum wages under

24   the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages

25   under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act

26

27   ("AWA"), respectfully, against Defendants on February 28, 2023.  (Doc. 1).  Defendant

-1-

Timothy Simpson was served for himself, for Jane Doe Simpson (Jamie L. Simpson), and Custom Image Pros LLC on March 1, 2023. (Docs. 6-8). Defendants' Answers were due on March 22, 2023. Defendants have failed to plead or otherwise defend and are now in default. The Clerk of the Court entered default against Defendants on March 30, 2023. (Doc. 11). Plaintiff now seeks default judgment against Defendants. In support of this request, Plaintiff relies upon the record in this case and his declaration submitted (attached as "**Exhibit A**").

## II.    Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004). In determining damages, the Court can properly rely on declarations submitted by the Plaintiff. Fed. R. Civ. P 55(b)(2).

1    **III.    Argument**

2        **A.    Plaintiff has Met the *Eitel* Factors**

3        The Ninth Circuit has articulated factors the Court should consider in deciding

4    whether to grant a monetary default judgment.  Those are: (1) the possibility of prejudice

5    to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the

6    amount of money at stake, if any, (5) the possibility of dispute concerning material facts,

7    (6) whether default was due to excusable neglect, and (7) the policy favoring a decision

8    on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

9        **1.    Possibility of Prejudice to the Plaintiff.**

10

11        The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default

12    judgment is not entered.  *Id*.  Prejudice exists where, absent entry of default judgment, the

13    plaintiff would lose the right to a judicial resolution of her claims, and it would be

14    without other recourse of recovery.  *See generally Elektra Entm't Group, Inc. v.*

15    *Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

16        By virtue of their default, Defendants have admitted the allegations of the

17    Complaint.  Defendants have declined to address the currently entered default against

18    Defendants and are apparently refusing to participate in the litigation.  Because

19    Defendants are refusing to participate in this litigation, a default judgment stands as

20    Plaintiff's only remaining act of recourse in this matter.  This factor weighs heavily in

21    favor of default judgment.

-3-

1

2.      **The Merits of the Claim and the Sufficiency of the Complaint**

2

The second and third *Eitel* factors "require that a plaintiff state a claim on which

3

the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175

4

(C.D. Cal. 2002).

5

6

As stated above, after the Clerk enters default, the factual allegations of the

7

complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

8

3.      **The Amount of Money at Stake**

9

10

Under the fourth *Eitel* factor, "the court must consider the amount of money at

stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at

11

12

1176.

13

Plaintiff does not have a complete time or pay records in his possession, and

14

15

Defendants have not produced time records for Plaintiff as a result of their refusal to

16

participate in this matter.  The failure by an employer to keep and maintain adequate and

17

accurate records for its employees violates the FLSA and 29 C.F.R. § 516's strict

18

recordkeeping requirements.  *See also* 29 C.F.R. §§ 516.2, 516.5, and 516.6.  The 9th

19

Circuit has held that an employer's lack of recordkeeping cannot be used to "penalize the

20

employee by denying him recovery on the ground that he is unable to prove the precise

21

22

extent of uncompensated work." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986),

23

*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). In *Anderson*, the

24

Supreme Court held,

25

When the employer has kept proper and accurate records the employee may easily
discharge his burden by securing the production of those records. But where the
employer's records are inaccurate or inadequate and the employee cannot offer

26

27

convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687-88. Here, beyond sparse documentation, the only evidence available to deduce Plaintiff's hours worked are Plaintiff's estimates. Further, under Arizona law, Defendants' lack of records raises the rebuttable presumption that they did not pay Plaintiff at least the required minimum wage. A.R.S. § 23-364(D).

Plaintiff worked for Defendants as a manual laborer from about February 1, 2023, through about February 7, 2023. Ex. A, at ¶¶ 3-5. Plaintiff's agreed-upon rate of pay was $18 per hour. *Id.* at ¶ 6. Plaintiff was supposed to be paid on a weekly basis. He worked approximately 48 total hours over the course of his sole workweek of employment with Defendants, making luminous letters, putting lights on letters, and assembling letters. *Id.* at ¶¶ 7-8. He was not paid any wage whatsoever for such time worked. *Id.* at ¶¶ 8-12. Defendants' failure to pay Plaintiff resulted in Plaintiff incurring damages for unpaid overtime, unpaid paid minimum wages, and unpaid regular wages. *See generally id.*

During the workweek of February 1, 2023, through February 7, 2023, Plaintiff worked approximately 48 hours.  *Id.* at ¶ 8.  At 48 hours, Plaintiff's unpaid federal minimum wages for that week are $348 ($7.25 * 48).  *Id.*  At 48 hours, Plaintiff's unpaid Arizona minimum wages for that week are $664.80 ($13.85 * 48).  *Id.*

With regard to his regular rate of pay, Plaintiff's unpaid wage damages for that workweek are $864 ($18 * 48).  *Id.* at ¶ 10.  In addition, Plaintiff was never paid overtime.  *Id.* at ¶ 11.  At 48 hours, eight of those hours should have included an overtime premium of $9 (one-half his regular rate of $18).  *Id*.  Accordingly, his unpaid overtime damages for Workweek 1 are $72 (8 hours * $9).  *Id.*

In summary, the following are Plaintiff's Workweek 1 damages, based on his reasonable estimates of time worked:

| | |
|---|---|
| Federal Minimum Wage | $348 |
| Arizona Minimum Wage | $664.80 |
| Regular Rate | $864 |
| Overtime | $72 |

### 4.    The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage.  *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009).  The fifth *Eitel* factor weighs in favor of default.

### 5.    Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect.  *Eitel*, at 1471-72.  The Ninth Circuit has said "[a]

1
2
3

defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

4
5
6
7
8

Here, Defendants have actual notice of the filing of the action.  Plaintiff served Defendant Timothy Simpson personally for himself, for his company, Custom Image Pros LLC, and for his spouse, Jamie L. Simpson.  (Docs. 6-8).  Defendants were served personally and have actual knowledge of the action.  *Id.*

9
10
11
12
13
14
15
16
17
18

On March 1, 2023, Defendant Timothy Simpson was served for all Defendants. *Id.*  Since that date, undersigned has been in close communication with Defendant Timothy Simpson regarding the merits and attempted settlement of this case.  Indeed, the parties even finalized a settlement agreement on April 1, 2023, under which Mr. Simpson agreed to pay a discounted sum of damages and attorneys' fees and costs to Plaintiff and undersigned, respectively, on or before April 30, 2023.  Settlement Agreement between Plaintiff and Defendants, attached as "**Exhibit B**."  That agreement also held that the agreement would be voided in the event of late or non-payment:

19
20
21

> The parties hereby agree that, if the checks are not delivered on or before April 30, 2023, this agreement shall become null and void, and the Lawsuit shall continue as though the Parties never entered into this Agreement.

22
23
24
25

*Id*. at ¶ 5.  To date, Defendants have failed to pay Plaintiff under the Agreement despite insisting that they could and would.  Therefore, the default was not due to excusable neglect, and the sixth factor weighs in favor of default judgment.

26
27

### 6.    The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Defendants have been aware of the lawsuit since being served with it on March 1, 2023. They have purposefully evaded responding to it. Defendants have had ample time to answer or otherwise respond. Rather than participate and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether. Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendants Custom Image Pro LLC, Timothy Simpson, and Jane Doe Simpson (Jamie L. Simpson).

### B.    The Court Should Grant a Liquidated Damages Award

The FLSA provides that any employer who violates the minimum or overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus,*

*Inc.* No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013).  Double damages are the norm and single damages are the exception.  *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003).

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages."  Arizona Revised Statutes ("A.R.S.") § 23-364(G).

In addition, the AWA provides that "if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages."  A.R.S. § 23-355(A).

Considering the foregoing, Plaintiff's various damages, fully liquidated, but exclusive of attorneys' fees and costs, are:

### i.        Federal Minimum Wage Liquidated Damages

Plaintiff's federal minimum wage damages of $348 must be doubled under 29 U.S.C. § 216(b) to $696.  This amount should be assessed against Defendants Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson (Jamie L. Simpson), jointly and severally.

### ii.       Arizona Minimum Wage Liquidated Damages

Plaintiff's Arizona minimum wage damages of $664.80 must be trebled under A.R.S. § 23-364(G) to $1,994.40.  Because this amount engulfs Plaintiff's federal minimum wage damages, $1,994.40 is the appropriate total minimum wage award.  This amount should be assessed against Defendants Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson (Jamie L. Simpson), jointly and severally.

### iii.     Overtime Premium Liquidated Damages

Plaintiff's federal overtime damages of $72 must be doubled under 29 U.S.C. § 216(b) to $144.  This amount should be assessed against Defendants Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson (Jamie L. Simpson), jointly and severally.

### iv.     Arizona Unpaid Wages Must be Trebled

Plaintiff's unliquidated unpaid wages total $864, inclusive of unpaid regular wages and exclusive of overtime, and must be trebled to $2,592 under A.R.S. § 23-355. Because this amount engulfs Plaintiff's minimum wage damages, $2,592 is the appropriate total unpaid wages award, exclusive of unpaid overtime.  This amount should be assessed against Defendant Custom Image Pros LLC.

Considering the foregoing, Plaintiff should be awarded total damages in the amount of $2,736.  This amount consists of $2,592 in trebled unpaid wages and $144 in liquidated (doubled) unpaid overtime.

Of that $2,736, $2,138.40 (consisting of $1,994.40 in trebled unpaid minimum wage damages and $144 in liquidated (doubled) unpaid overtime) should be awarded against all Defendants – Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson (Jamie L. Simpson) jointly and severally, exclusive of attorneys' fees and costs, which both the FLSA and AMWA require, to be discussed in the following section.  29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

The remaining $597.60 in unpaid non-minimum wage and non-overtime damages should be awarded against Defendant Custom Image Pros LLC.  ARS § 23-355.

## C.       Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages.  *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees.  *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013).  If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b) and entitled to his attorneys' fees and costs.  Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following any award of a default judgment.

## IV.     Conclusion

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson (Jamie L. Simpson), individually and collectively, as follows:

Against Custom Image Pros LLC in the amount of $2,736;

Of that $2,736, against Defendants Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson (Jamie L. Simpson) in the amount of $2,138.40, jointly and severally.

Plaintiff further requests that the Court allow his to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED this 31st Day of May 2023.

BENDAU & BENDAU PLLC

/s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st Day of May, 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.  A copy of the foregoing was also sent via email (legaldept@customimagepros.com) to the following:

> Custom Image Pros LLC, via
> Timothy Simpson, its
> Registered Statutory Agent
> 2722 W. Osborn Rd.
> Phoenix, AZ 85017
>
> Timothy Simpson and
> Jane Doe Simpson
> 2722 W. Osborn Rd.
> Phoenix, AZ 85017
>
> *Defendants Custom Image Pros LLC and*
> *Timothy Simpson and Jane Doe Simpson*

/s/ *Clifford P. Bendau, II*

-13-