**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor David Perez Peralta,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Custom Image Pros LLC, et al.,<br><br>　　　　　Defendants. | No. CV-23-00358-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Victor Peralta's ("Plaintiff") Motion for Default Judgment. (Doc. 11). The Court now rules on the motion.

**I.　　BACKGROUND**

Timothy Simpson and Jane Doe Simpson own and operate Custom Image Pros LLC (collectively, "Defendants"). (*See* Doc. 1 at 4). Defendants' business "is an image marketing, design[,] [and] production company." (*Id.* at 6). Plaintiff worked for Defendants from approximately February 1, 2023 to February 8, 2023, "making luminous letters for signs, putting lights on letters, and assembling letters for signs." (*Id.* at 6, 8). During this time Plaintiff worked for approximately 48 hours. (*Id.* at 8). For this work, Plaintiff was supposed to be paid $18 per hour worked. (*Id.* at 7).

On February 27, 2023, Plaintiff filed a complaint seeking relief for unpaid wages, overtime wages, liquidated damages, and attorney's fees under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (*Id.* at 1–2). He alleges that Defendants failed to pay him any wages for the time

he worked at Custom Image Pros. (*Id.* at 9). Plaintiff served Timothy Simpson "for himself, for Jane Doe Simpson (Jamie L. Simpson), and Custom Image Pros LLC on March 1, 2023." (Doc. 11 at 2). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Defendants on March 30, 2023. (Doc. 10).

On April 1, 2023, the parties entered a settlement agreement in which Defendants agreed to pay Plaintiff $1,236 for damages and $3,554 for attorneys' fees and costs. (Doc. 11-2 at 2–3). The settlement agreement also stated that "if the checks are not delivered on or before April 30, 2023, this agreement shall be null and void, and the [l]awsuit shall continue as though the parties never entered into this [a]greement." (*Id.* at 3). On May 31, 2023, Plaintiff filed the pending Motion for Default Judgment claiming Defendants have failed to pay him. (Doc. 11). No response has been filed.

## II.     DEFAULT JUDGMENT

Once the Clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b) on amounts that are not for a sum certain. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering these factors, Defendant is deemed to have admitted all well-pleaded allegations in the complaint but does not admit allegations related to damages or those that do no more than "parrot" the elements of a claim. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

### A. Possibility of Prejudice

A possibility of prejudice exists when failure to enter default judgment denies a

plaintiff judicial resolution of the claims presented or leaves him without other recourse for recovery. *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Because Defendants have not answered, Plaintiff will likely be left without recourse if default judgment is not granted. Therefore, this factor weighs in favor of granting the motion.

**B. Merits of Plaintiff's Substantive Claim and Sufficiency of Complaint**

"The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. 18-cv-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). These two factors favor entering judgment when, considering the complaint and relevant documentary evidence, a plaintiff "state[s] a claim on which [he] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also J & J Sports Prods., Inc. v. Molina*, No. CV15-0380 PHX DGC, 2015 WL 4396476, at *1 (D. Ariz. July 17, 2015) (considering affidavits attached to the motion for default judgment).

Plaintiff seeks damages on his claims for overtime violations under FLSA, failure to pay minimum wage in compliance with FLSA and AMWA, and failure to pay wages in compliance with AWA. The Court addresses each claim below.

*i.     Overtime Violations Under FLSA*

Under 29 U.S.C. § 207(a)(1), if an employee works "for a workweek longer than forty hours" they must be compensated "at a rate not less than one and one-half times the regular rate at which he is employed." The Court must first determine if the Plaintiff was an employee within the meaning of FLSA. FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). It defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d).

Here, Defendants "ha[d] the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's

employment." (Doc. 1 at 4–5). These allegations, taken as true, support that all three Defendants were acting in the interest of the company and are employers under FLSA.

The Court next analyzes whether Plaintiff is an employee under FLSA. The Ninth Circuit Court of Appeals has traditionally employed a six factor "economic reality test" to distinguish between employees and independent contractors. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979).[1] The six factors of the economic reality test are:

> (1) the degree of the alleged employer's rights to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

*Id.* No one factor in the test is dispositive. *Id.* Instead, the determination depends "upon the circumstance of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

First, "Defendants supervised Plaintiff and subjected him to Defendants' rules." (Doc. 1 at 7). Second, Plaintiff was assigned an hourly rate and had no opportunity to share in the profit or loss of the business. (*See id.*). Third, there is no evidence to suggest Plaintiff invested in any equipment or materials to complete his assigned tasks. Fourth, there is also no evidence to suggest Plaintiff needed special skills to complete his tasks, which consisted primarily of manual labor. (*See id.* at 6). Fifth, Plaintiff was hired on an hourly basis with no long-term contract. (*See id.* at 7). Finally, "[t]he services rendered by Plaintiff in his work for Defendants was integral to Defendants' business." (*Id.*). The factors, taking

---

[1] The Court notes that after *Real* was decided, the U.S. Supreme Court decided *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992), which laid out a different set of factors for testing employee versus independent contractor. However, in FLSA cases, the *Real* factors, and not the *Darden* factors, control the test for whether an individual is an employee or independent contractor. *See Dyrhaug v. Tax Breaks Inc.*, No. CV-13-01309-PHX-BSB, 2015 WL 13567067, at *6 (D. Ariz. Sept. 15, 2015) (discussing the distinction between FLSA and ERISA cases when testing employee versus independent contractor).

- 4 -

Plaintiff's allegations as true, indicate that Plaintiff was an employee of the Defendants under FLSA even though Defendants classified Plaintiff as an independent contractor. (*See id.* at 7).

To state a plausible claim of an overtime violation under FLSA, a plaintiff must do more than "present[] generalized allegations asserting violations" of the overtime provisions." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *cert. denied*, 575 U.S. 978 (2015). Rather, a plaintiff must plead specific factual allegations "that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* Here, Plaintiff's complaint meets this burden because Plaintiff alleges to have worked forty-eight hours in one week and that he was not paid the overtime rate mandated by FLSA. (*See* Doc. 1 at 8). Accordingly, the Plaintiff has sufficiently stated a valid claim of overtime violations under FLSA.

### ii. Failure to Pay Minimum Wage Under FLSA

Under 29 U.S.C. § 206(a), employers are required to pay employees no less than $7.25 per hour. As discussed above, Plaintiff worked as an employee for the Defendants and alleges to have received no pay. (*See* Doc. 1 at 11). Thus, the Plaintiff has sufficiently stated a claim of failure to pay minimum wage under FLSA.

### iii. Failure to Pay Minimum Wage Under AMWA

Under A.R.S. § 23-363(A), employers are required to pay employees no less than $12 per hour. This amount shall be increased each year based on the cost of living. *Id.* § 23-363(B). AMWA defines an "employee" as "any person who is or was employed by an employer." A.R.S. § 23-362(A). AMWA defines an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). To determine whether a worker is an employee under AMWA as opposed to an independent contractor, AMWA instructs courts to look "to the standards of [FLSA]." A.R.S. § 23-362(D). AMWA places the "burden of proof . . . upon the party for whom the work is performed to show

independent contractor status by clear and convincing evidence." *Id.* Defendants offer no evidence that Plaintiff was an independent contract because they have not responded to Plaintiffs allegations. Thus, under A.R.S. § 23-362(D), and using the same analysis the Court used for FLSA, Plaintiff was an employee under AMWA. Additionally, Plaintiff alleges to have received no pay. (*See* Doc. 1 at 11). Thus, the Plaintiff has sufficiently stated a claim of failure to pay minimum wage under AMWA.

    *iv.*    *Failure to Pay Wages due under AWA – Against Custom Image Pros Only*

Under A.R.S. § 23-351(C), on each payday, employers "shall pay to employees all wages due to the employees up to that date." The AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). Plaintiff claims that he worked for Custom Image Pros in Arizona. (*See* Doc. 1 at 3).

AWA defines an "employer" as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). "This statutory definition does not, in other words, authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) (citing *Channel v. Home Mortg., Inc.*, No. CIV 03-00100-PHX-ROS, 2005 WL 8160525, at *5 (D. Ariz. Sept. 21, 2005)). Plaintiff raises claims under AWA against Custom Image Pros only, not Timothy Simpson and Jane Doe Simpson. Custom Image Pros is a limited liability company and within AWA's definition of employer. Plaintiff alleges that Defendant Custom Image Pros has failed to compensate him for wages due. (*See* Doc. 1 at 9). Thus, the Plaintiff has sufficiently stated a claim of failure to pay wages due under AWA.

Thus, the Court finds that Plaintiff has sufficiently stated a valid claim against all Defendants for overtime violations under FLSA, failure to pay minimum wage in

1 compliance with FLSA and AMWA, and against Defendant Custom Image Pros only for
2 failure to pay wages in compliance with AWA. Thus, the second and third *Eitel* factors
3 favor entry of default judgment.

### C. Sum at Stake

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of [a defendant's] conduct." *Bankers Ins. Co. v. Old W. Bonding Co.*, No. CV11-1804 PHX DGC, 2012 WL 2912912, at *2 (D. Ariz. July 16, 2012). If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Here, Plaintiff seeks damages for unpaid and overtime wages under FLSA, AMWA, and AMA, along with liquidated damages. (*See* Doc. 11 at 1, 8). Plaintiff requests damages total $2,736, with only $2,128.40 of that total against Timothy Simpson and Jane Doe Simpson. (*See id.* at 12). Additionally, plaintiff seeks attorney's fees and costs. (*See id.*). The Court finds that the stated damages are not unreasonable or inappropriate based on the forty-eight hours Plaintiff worked. Accordingly, this factor weighs in favor of entering default judgment.

### D. Possibility of Dispute

Considering the allegations that are now deemed admitted and the documentary evidence that Plaintiff submitted, "no genuine dispute of material facts would preclude granting Plaintiff's motion." *See PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Thus, this factor weighs in favor of granting the motion.

### E. Excusable Neglect

On the record, little possibility exists that Defendants' default resulted from excusable neglect because Defendants were duly served. Additionally, Defendants signed a settlement agreement that stated they were aware of this lawsuit. (*See* Doc. 11-2 at 2). Consequently, this factor weighs in favor of granting the motion.

### F. Policy for Deciding on the Merits

Although it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, that is made "impractical, if not impossible," when a defendant fails to answer. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. Thus, this factor does not preclude entering default judgment against Defendants.

### G. Conclusion

On balance, the *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment. Having concluded that entry of default judgment is appropriate under the circumstances, the Court will now turn to evaluate Plaintiff's request for liquidated damages in the amount of $2,736.

## III. DAMAGES

Plaintiff requests $2,736 in damages against Defendant Custom Image Pros, and of that $2,736, an amount of $2,138.40 against all Defendants, jointly and severally. (Doc. 11 at 12). Of this total, $2,592 is for trebled unpaid wages and $144 is for liquidated unpaid overtime. (*Id.*); *see also* 29 U.S.C. § 216(b); A.R.S. § 23-355.

Of this $2,736 total, Plaintiff is requesting that Defendant Custom Image Pros be liable for the entire amount, and all Defendants be jointly and severally liable for $2,138.40.[2] Additionally, Plaintiff requests that these amounts be augmented further by post judgment interest pursuant to 28 U.S.C. § 1961. (*See* Doc. 11 at 12).

Default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiffs motion does not differ in kind or amount from what was pleaded in his complaint. (*See* Doc. 1 at 13–17); (Doc. 11 at 9–12). "The Court may enter a default judgment without a damages hearing when, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." *Million v. Pindernation Holdings LLC*, No. CV-23-00072, 2023 WL 2813684, at *5 (D. Ariz. Apr. 6, 2023) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)). In this action the requested damages are capable of mathematical calculation because they are comprised of

---

[2] This amount consists of $1,994.40 in treble unpaid wages and $144 in liquidated unpaid overtime. (Doc. 11 at 10); *see also* 29 U.S.C. § 216(b); A.R.S. § 23-364(G).

hours worked by Plaintiff, the amount in pay he was entitled to receive, and statutory multipliers. *See id.* The Court finds that Plaintiff has sufficiently established the requested damages. (Doc. 11). Therefore, the Court will enter default judgment in the amount of $2,736 against Defendant Custom Image Pros, with $2,138.40 of that amount being held jointly and severally against all Defendants.

## IV.     ATTORNEYS' FEES

Lastly, the Court considers Plaintiff's request for attorneys' fees. Plaintiff requests that the Court allow him to file a motion for attorneys' fees and costs, should the Court grant default judgment. (*See* Doc. 11 at 11). Following this award of Default Judgment, the Court will allow Plaintiff to move for reasonable attorneys' fees pursuant to Local Rule of Civil Procedure 54.2.

## V.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for default judgment, (Doc. 11), is **GRANTED**. The Clerk of the Court shall enter Judgment for Plaintiff Victor Perez Peralta and against Defendant Custom Image Pros, in the amount of $597.60. Judgment shall also be entered in favor of Plaintiff in the amount of $2,138.40 against all three Defendants, jointly and severally, plus post-judgment interest at the applicable statutory rate.[3]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] The Court has entered default judgment against "Jane Doe Simpson" at Plaintiff's request. The Court does not believe a judgment can be collected against a fictitious party, and this Order does not alter that reality. However, the Court will not spend any more time or effort on this default judgment to educate counsel on how to proceed procedurally. Plaintiff's counsel has already been instructed how to correctly proceed in these circumstances. *See Aguirre v. Custom Image Pros LLC*, CV-419-PHX-ROS, Doc 13 (D. Ariz. Oct. 13, 2023) (explaining to Plaintiff's counsel how to seek default against Jane Doe Simpson specifically). Thus, if Plaintiff's counsel is satisfied with what appears to the Court to be an uncollectible judgment, the Court will not preclude the same.

**IT IS FURTHER ORDERED** that Plaintiff may submit a motion for attorneys' fees as specified above within 14 days of this Order; a bill of costs may also be filed at that time in accordance with Local Rule of Civil Procedure 54.1.

Dated this 5th day of December, 2023.

James A. Teilborg
Senior United States District Judge