WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor David Perez Peralta,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Custom Image Pros LLC, et al.,<br><br>　　　　　Defendants. | No. CV-23-00358-PHX-JAT<br><br>**ORDER** |

　　　　Plaintiff moved for default judgment in this case. (Doc. 11). The Court granted that motion (Doc. 12) and judgment has been entered (Doc. 13). Plaintiff now moves to amend the complaint.

　　　　Once final judgment has entered, it can only be vacated, corrected, or set aside in very limited circumstances. *See, e.g.*, Fed. R. Civ. P. 60. The Court finds Plaintiff has not argued, legally or factually, any reason to set aside the judgment.

　　　　Thus, the Court is without authority to authorize an amended complaint in this closed case. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[A]fter final judgment has been entered, a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60."). Moreover, even if all necessary procedural steps were followed to set aside the judgment, and Plaintiff could then show that a motion to amend the complaint should be granted, Plaintiff's further request that the Court not vacate the entry of default based on a former version of the complaint would be denied.

　　　　If Plaintiff seeks entry of default, it must be on the operative complaint

notwithstanding that the Court in *Aguirre v. Custom Image Pros LLC*, CV-419-PHX-ROS, Doc. 13 (D. Ariz. Oct. 13, 2023) allowed otherwise without authority.[1]  Indeed, while it is not this Court's concern, the Court is skeptical that the judgment in *Aguirre* is enforceable. And because Plaintiff intends to seek default against a "new" party, service of the amended complaint would also be required.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion to amend (Doc. 14) is denied in its entirety including the motion for extension of time to file a fee request.

Dated this 19th day of December, 2023.

_____
James A. Teilborg
Senior United States District Judge

---

[1] If the clerk enters default and the plaintiff later files an amended complaint, the default based on the original complaint is void. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent."); *Vanguard Fin. Serv. Corp. v. Johnson*, 736 F. Supp. 832, 835 (N.D. Ill. 1990) (striking as moot the plaintiff's motion for default judgment after granting the plaintiff leave to file an amended complaint); *Nelson v. Nationwide Mortg. Corp.*, 659 F. Supp. 611, 615 (D. D.C. 1987) ("In light of [the plaintiff's] filing of an amended complaint, her motions for entry of default judgments against [the defendants] must be denied as moot."); *ThermoLife Int'l, LLC v. Sechel Holdings, Inc.*, 2015 WL 1521779, at *1 (D. Ariz. Apr. 3, 2015) ("Because Plaintiff's original complaint no longer performs any function, a default based on the original complaint must also be rendered ineffectual and non-existent." (internal quotations omitted)); *Best W. Int'l, Inc. v. Melbourne Hotel Inv'rs, LLC*, 2007 WL 2990132, at *1 (D. Ariz. Oct. 11, 2007) … ("The significance of the filing of the Amended Complaint for purposes of Plaintiff's original motion for default judgment is that it mooted the request.")….

*United States v. Proceeds from the Sale of a Condo. Located at the Ritz Carlton in Los Angeles, California*, No. SACV151110JVSDFMX, 2016 WL 11772212, at *1 (C.D. Cal. Aug. 5, 2016)