**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor David Perez Peralta, | No. CV-23-00358-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Custom Image Pros LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff David Peralta's ("Plaintiff") Motion for Attorney Fees. (Doc. 16). Defendants Custom Image Pros LLC, Timothy Simpson, and Jane Doe Simpson (collectively, "Defendants") did not file a response. The Court now rules.

**I.    BACKGROUND**

As discussed fully in this Court's previous order, (*see generally* Doc. 12), this action arises from Plaintiff's allegations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a)(1), the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363(A), and the Arizona Wage Act ("AWA"), A.R.S. § 23-351(C). (*See generally* Doc. 1). The Court granted Plaintiff's Motion for Default Judgment against Defendants[1] on December 6, 2023, (Doc. 12), and subsequently denied Plaintiff's Motion to Amend/Correct, (*see* Doc. 14, 15).

//

---

[1] *But see* (Doc. 12 at 9 n.3) (noting that a judgment cannot be collected against the fictitious party, Jane Doe Simpson).

## II. ATTORNEYS' FEES

### A. Eligibility and Entitlement to Fees

Under this district's local rules, a party seeking attorneys' fees must first show that they are both eligible for and entitled to a fee award. L.R. Civ. 54.2(c)(1)–(2). Plaintiff argues, and the Court agrees, that Plaintiff is both eligible and entitled to fees and costs as the prevailing party through this Court's entry of default judgment on his claims. *See* 29 U.S.C. § 216(b) (prevailing party's entitlement to fees and costs on federal claims); A.R.S. § 23-364(G) (prevailing party's entitlement to fees and costs on state law claims); *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *1 (D. Ariz. Apr. 8, 2020) (finding that grant of default judgment qualified a plaintiff as a prevailing party for purpose of attorneys' fees). Additionally, the Court is persuaded that Plaintiff is entitled to reasonable attorneys' fees for the time counsel spent preparing the instant motion for attorneys' fees. *See Gary v. Carbon Cycle Ariz. LLC*, 39 F. Supp. 3d 468, 479–80 (D. Ariz. 2019). As such, the Court turns to the reasonableness of the fees requested.

### B. Reasonableness of Requested Fees

The second requirement in the Court's analysis of Plaintiff's motion for attorneys' fees is that the amount of fees granted must be reasonable. To determine a reasonable attorneys' fee, the Court begins with the "lodestar figure," meaning "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Local Rules provide a list of factors to be considered in assessing the reasonableness of a requested attorneys' fee award:

> (A) The time and labor required of counsel;
> (B) The novelty and difficulty of the questions presented;
> (C) The skill requisite to perform the legal service properly;
> (D) The preclusion of other employment by counsel because of the acceptance of the action;
> (E) The customary fee charged in matters of the type involved;
> (F) Whether the fee contracted between the attorney and the client is fixed or contingent;
> (G) Any time limitations imposed by the client or the circumstances;

>   (H) The amount of money, or the value of the rights, involved, and the results obtained;
>   (I) The experience, reputation and ability of counsel;
>   (J) The "undesirability" of the case;
>   (K) The nature and length of the professional relationship between the attorney and the client;
>   (L) Awards in similar actions; and
>   (M) Any other matters deemed appropriate under the circumstances.

L.R. Civ. 54.2(c)(3); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Reasonable attorneys' rates are not simply what an attorney charged a client; they are determined "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

Plaintiff first argues that an hourly rate of $445 is a reasonable rate. (Doc. 16 at 4). In support, Plaintiff cites to other cases in which courts have found a similar or the same rate to be reasonable, arguing that the rate is "commensurate with [Plaintiff's counsel's] expertise and experience and would align with the rate he has been awarded time and again in both the Northern and Southern Districts of Ohio." (*Id.* at 4–6).

Plaintiff next conducts a Lodestar analysis to request fees in the following amount: $4,850.50 (for 10.9 hours incurred), plus $559.90 (for out-of-pocket costs), plus $2,000 (for fees and costs to be incurred in potential collection efforts). (*Id.* at 6–7). The Court addresses the various factors, and Plaintiff's arguments as to each, below.

### i. Time and Labor Required

Plaintiff argues that although this case did not require significant labor in analyzing issues, the case nonetheless took longer than it should have because Defendants did not comply with the terms of the parties' prior settlement agreement. (*Id.* at 8). As such, Plaintiff argues that 10.9 hours worked is reasonable. Upon examining Plaintiff's itemization of time spent, (Doc. 16-9 at 2), the Court agrees that the time expended is reasonable given the issues and the fact that the case was resolved through entry of default judgment. *See Castro v. C&C Verde LLC*, No. CV-18-04715-PHX-JZB, 2019 WL

13244383, at *2 (D. Ariz. Oct. 9, 2019) (finding 14.2 hours worked on a FLSA case resolved by default judgment to be reasonable). As such, the Court makes no adjustments to the 10.9 hours of work for which Plaintiff's counsel seeks compensation.

### ii. Novelty and Difficulty of the Question Presented

Plaintiff acknowledges that the issues in the present case were not novel or particularly difficult; Plaintiff argues that the hours expended were reasonable in light of the case. (Doc. 16 at 8). The Court finds that because Defendants did not defend the case, "the time, labor, and complexity of this case is minimal." *Outland v. Arizona Movers & Storage*, No. CV-18-01370-PHX-RCC, 2019 WL 2269423, at *2 (D. Ariz. May 28, 2019); *see also Verduzco v. Value Dental Centers Mesa West AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) ("The Court finds that this case [FLSA resolved by default judgment] did not present any novel or difficult issues.").

### iii. Skill Requisite to Perform the Legal Service Properly

Plaintiff argues that despite the straightforward nature of the suit, the issues raised were "sophisticated and required extensive knowledge of the law," such that "Plaintiff very likely would not have obtained such results without the assistance of Plaintiff's counsel." (Doc. 16 at 8–9). The Court finds that it takes a moderate amount of skill to litigate the instant case. *See Verduzco*, 2022 WL 2718163 at *2.

### iv. Preclusion of Other Employment

Plaintiff acknowledges that he experienced no significant preclusion from conducting other work over and above "the time constraints place[d] on an attorney by the fact of accepting and litigating a case." (Doc. 16 at 9).

### v. Customary Fee

Plaintiff reiterates his arguments regarding the reasonableness of his rate, (*id.*), which the Court has recited above. The cases to which Plaintiff cites—notwithstanding that several of the cases are from other districts[2]—indicate that $445 per hour constitutes a

---

[2] The Court discusses below why cases from outside the District of Arizona are of little to no relevance when analyzing awards in similar actions. Here, the inquiry is simply what Plaintiff's counsel customarily charges, so the out-of-state cases bear some relevance.

- 4 -

customary fee for Plaintiff's counsel.

### vi. Whether the Fee is Fixed or Contingent

Plaintiff notes that the representation in this case was based on a contingency fee and argues that the fee recovery should not depend upon the amount recovered in the case. (Doc. 16 at 9–10). Plaintiff further argues that because of the contingency fee agreement, "this Court may adjust upward Plaintiff's [c]ounsel's hourly rate." (*Id.* at 10). The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2007).

### vii. Time Limitations

Plaintiff acknowledges that no time limitations were imposed by the client or the circumstances. (Doc. 16 at 11). As such, this factor is of minimal weight in the reasonableness inquiry.

### viii. Amount in Controversy and Results Obtained

Plaintiff argues that although the amount in controversy was small, it was significant to Plaintiff; moreover, "Plaintiff's counsel submits that he has obtained excellent results and has assisted Plaintiff in recovering well in excess of the total amount in unpaid wages that Defendants owed him." (Doc. 16 at 11–12).

The Court acknowledges the recovery that Plaintiff's counsel obtained for Plaintiff. However, the Court also notes that Plaintiff's counsel committed a meaningful error in failing to timely amend the complaint (and effectuate service of process) to include Defendant Timothy Simpson's spouse, as without joining both spouses, Plaintiff will be unable to collect from the community property of the married couple. *See* A.R.S. § 25-215(D). Overall, however, the Court agrees that Plaintiff's counsel obtained a successful result for Plaintiff.

### ix. Experience, Reputation, and Ability of Attorney

Plaintiff points out that Plaintiff's counsel "focuses exclusively on plaintiffs' state and federal employment wage and hour litigation, primarily under FLSA," has been lead

counsel on more than fifty FLSA collective action matters, and has obtained several reversals in three different Circuits at the Court of Appeals level. (Doc. 16 at 12). The Court acknowledges Plaintiff's counsel's experience level in FLSA matters.

### x. "Undesirability" of the Case

Plaintiff argues that given the low damages and speculative amount of available fees, along with the usual undesirableness of contingency-fee litigation, the instant case was risky and therefore undesirable. (Doc. 16 at 13). The Court agrees.

### xi. Nature and Length of Relationship Between Attorney and Client

Plaintiff states that this is the only matter on which Plaintiff's counsel has represented Plaintiff. (Doc. 16 at 13). As such, this factor bears minimal weight in the determination of reasonable fees.

### xii. Awards in Similar Actions

Plaintiff reiterates the arguments from his discussion about the reasonableness of the rate, (*id.*), which this Court has recited above. The Court notes that "[g]enerally, the relevant community [on which a reasonable hourly rate is based] is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (citation omitted). Rates outside the forum may be used only if local counsel was unavailable. *Id.* The case docket indicates that Plaintiff's counsel is local. The Court thus finds that the cases to which Plaintiff cites from other district courts—namely, Plaintiff's counsel's prior attorneys' fees awards in district courts in Pennsylvania and Ohio—are of little relevance to the reasonableness inquiry in this district.

Plaintiff cites to multiple cases in the District of Arizona in which Plaintiff's counsel was awarded fees at a rate of $395 per hour, and to one case in which Plaintiff's counsel was awarded $445 per hour. (*See* Doc. 16 at 4–6). Upon examination, the Court discovered that in the single case in which Plaintiff's counsel was awarded $445, the court did so without providing any analysis under the factors laid out in L.R. Civ. 54.2(c)(3); as such, the Court finds this previous case unpersuasive here. *See Ekstrand v. Tru Realty LLC*, No. CV-23-01416-PHX-SRB, (Doc. 17). Moreover, Plaintiff's counsel concedes that the

District of Arizona "has not consistently awarded [Plaintiff's counsel] the hourly rate he seeks here." (Doc. 16 at 5). Instead, the cases to which Plaintiff cites provide examples of District of Arizona cases in which Plaintiff's counsel was awarded $395 per hour.[3] (*Id.* at 5–6). As such, based on comparison to previous similar cases in the District of Arizona and analysis of the other factors delineated above, this Court finds a rate of $395 per hour to be reasonable, and adjusts the fees awarded accordingly.

### C. Final Matters

#### i. Costs

Plaintiff additionally seeks to recover his out-of-pocket costs incurred in pursuing the litigation, (Doc. 16 at 14–15), namely, the complaint filing fee of $402 and the costs of service for $157.90, (Doc. 16-9 at 3). Plaintiff argues that these costs are reasonable because they were "necessary in connection with the prosecution of this litigation and were made for the benefit of Plaintiff." (Doc. 16 at 15). The Court notes, however, that both costs Plaintiff seeks are listed in the local rule (and corresponding statutory provisions which the local rule incorporates) as taxable costs. *See* L.R. Civ. 54.1(e). As such, the Court finds it most appropriate for Plaintiff to seek recovery of these costs through the procedure delineated in L.R. Civ. 54.1(a), except that the Court extends the deadline as follows: Plaintiff must file and serve the bill of costs within fourteen days of the entry of this Order.

#### ii. Anticipated Collection Expenses

Finally, Plaintiff seeks $2,000 in anticipated collection expenses, citing to several cases from the District of Arizona in which counsel was granted the same. (Doc. 16 at 15). However, the Court questions whether it indeed has the authority to grant this award of prospective expenses, especially considering this action has been resolved on default judgment and Plaintiff did not request this relief in his Complaint. (Doc. 1 at 17); *see also Ferrari Fin. Servs., Inc. v. Shah*, No. SA CV 18-00124 AG, 2019 WL 6448949, at *1 (C.D.

---

[3] Notably, multiple of the cases granting an hourly rate of $395 per hour engage in an extensive analysis of the factors to come to their conclusions. *See, e.g.*, *Aguirre v. Custom Image Pros LLC*, No. CV-23-00334-PHX-MTL, 2023 WL 5932805 (D. Ariz. Sept. 12, 2023); *Guzman v. Veraz Servs. LLC*, No. CV-22-00507-PHX-SMB, 2022 WL 16640671 (D. Ariz. Oct. 31, 2022).

Cal. Feb. 25, 2019) (noting that under Fed. R. Civ. P. 54(c), when entering default judgment, courts must grant the same relief requested in the operative complaint).

### iii. Total Amount Awarded

The Court thus finds it appropriate to award the following attorneys' fees: $4,305.50 (10.9 hours multiplied by $395 per hour).

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees, (Doc. 16), is **GRANTED** to the limited extent that Plaintiff is awarded $4,305.50.

**IT IS FURTHER ORDERED** that, should Plaintiff seek costs, Plaintiff must do so pursuant to L.R. Civ. 54.1(a), within 14 days of this Order.

Dated this 13th day of February, 2024.

James A. Teilborg
Senior United States District Judge